OPINION
PER CURIAM.
Nathaniel Lawson, proceeding pro se, appeals the District Court’s orders dismissing his case and denying his motion for reconsideration, respectively. Because the appeal does not present a substantial question, we will summarily affirm the District Court’s orders. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.
I.
In October 2006, Lawson filed a counseled complaint against National Continental Insurance Company (“National Continental”) in New Jersey Superior Court, alleging that National Continental wrongfully terminated an insurance policy held by Nate’s Transportation, a bus company owned by Lawson.[1] In September 2007, the Superior Court granted National Continental’s motion to dismiss the case.
In June 2008, Lawson filed a pro se complaint against National Continental in the District Court of New Jersey, re-alleging his breach of contract claim and raising claims under the First, Fourth, Eighth, and Fourteenth Amendments, as well as claims pursuant to alleging violations of 42 U.S.C. §§ 1881, 1855, 1982, 1986 and 1988. National Continental moved to dismiss Lawson’s complaint, and on January 26, 2009, the District Court granted the motion, dismissing the case with prejudice. The court concluded that (1) Lawson’s complaint failed to allege any facts to support his federal and constitutional claims; and (2) his breach of contract claim was precluded by the doctrine of res judicata. On February 24, 2009, the District Court denied Lawson’s motion for reconsideration.[2] Lawson now appeals the District Court’s January 26 and February 24 orders to this Court.
II.
We first must examine whether we have jurisdiction to consider this appeal *743 because the notice of appeal was not filed until April 23, 2009. A party in a civil case is required to file a notice of appeal within thirty days of entry of the judgment. Fed. R.App. P. 4(a)(1)(A). Generally, a judgment cannot be entered unless it is set out in a separate document. Fed.R.Civ.P. 58(c)(2)(A). A judgment is treated as a separate document if it: (1) is self contained and separate from the opinion, (2) notes the relief granted, and (3) omits (or at least substantially omits) the trial court’s reasons for disposing of the claims. In re Cendant Corp. Sec. Litig., 454 F.3d 235, 241 (3d Cir.2006). The District Court’s January 26, 2009 order, which contains three pages describing the reasons for the District Court’s dismissal, fails to satisfy the third criterion — omission of reasoning. As such, pursuant to Fed. R.App. P. 4(a)(7)(A)(ii), the January 26 order was not considered entered for 150 days. Because Lawson filed his notice of appeal eighty-seven days after the January 26 order, his appeal is timely.
III.
Having determined that the appeal is timely, we now turn to the merits of Lawson’s claim. Summary action is warranted when no substantial question is presented on appeal. See 3d Cir. L.A.R. 27.4 and I.O.P. 10.6.
Lawson appeals from the order of the District Court dismissing his complaint under Fed.R.Civ.P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to “state a claim to relief that is plausible on its face.” Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). “A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.” Ashcroft v. Iqbal, — U.S. -, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). The assumption of truth does not apply, however, to legal conclusions couched as factual allegations or to “[tjhreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.” Id.
We agree with the District Court that Lawson’s complaint fails to allege any facts to support his federal or constitutional claims. While Lawson alleges that National Insurance denied Nate’s Transportation insurance coverage and added a premium without reason, the complaint does not contain any facts that would allow one to reasonably infer that its actions violated federal or constitutional law. Lawson’s conclusory allegations are insufficient to plausibly demonstrate that National Insurance violated Lawson’s civil or constitutional rights. See Iqbal, 129 S.Ct. at 1949.
As for Lawson’s breach of contract claim, we agree with the District Court that this claim is barred by res judicata. Res judicata bars a second suit where “there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action.” Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir.1991). Here, all three requirements are met, as the New Jersey Superior Court entered a valid, final judgment on the merits in September 2007, and the parties and the cause of action in that case were identical to those in this case.
*744 We have held that when a complaint is dismissed for failure to state a claim upon which relief may be granted, a plaintiff should be granted the opportunity to amend his complaint unless amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 106 (3d Cir.2002). Given that, as discussed above, Lawson previously litigated this breach of contract claim in New Jersey Superior Court and there are no facts to infer that National Insurance violated his federal or constitutional rights, we conclude that it would have been futile for the District Court to provide Lawson with leave to amend his complaint before granting the motion to dismiss.
In light of the above, we will summarily affirm the District Court’s orders dismissing the complaint and denying Lawson’s motion for reconsideration.

. In the complaint filed in District Court and the notice of appeal filed in this Court, Nate's Transportation was incorrectly pleaded as a plaintiff and an appellant. However, Nate’s Transportation, Inc. is a corporation and therefore cannot proceed as a pro se litigant. See Rowland v. California Men's Colony, 506 U.S. 194, 201-02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993). And, in addition, Lawson, as a non-attorney, may not represent the interests of a corporation in a federal court. See Osei-Afriyie v. Med. Coll of Pa., 937 F.2d 876, 883 (3d Cir.1991).

. After filing his original motion for reconsideration on January 28, Lawson filed addition *743 al motions for reconsideration on February 13, February 20, March 4, and March 31. None of these motions were timely filed. See Fed. R.App. P. 58(e). The District Court noted in its February 24, 2009 order, that it considered both Lawson’s original motion for reconsideration and his February 13 motion.